Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Peticionario<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUETO RICO y otros<br><br>Recurrida | TA2026CE00725 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.:<br>BY2026CV00038<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de junio de 2026.

El 8 de junio de 2026, el Sr. Eliezer Santana Báez (señor Santana o peticionario) instó ante nos la petición de *Certiorari* de epígrafe, en la que nos pide la revisión y revocación de una *Orden* dictada el 4 de mayo de 2026, notificada el 5, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) en el caso de autos. Allí, el TPI dictaminó lo siguiente: "Una vez se reciba el mandato del Tribunal de Apelaciones se podrá ordenar que el demandante provea los emplazamientos que no se han cargado al sistema SUMAC para expedirlos."

Ese mismo día, el peticionario presentó una *Solicitud para declaración de indigencia.*[1]

Por las razones que más adelante consignamos, desestimamos el recurso de epígrafe.[2] Veamos.

---

[1] En cuanto a este particular, permitimos su comparecencia por derecho propio y como indigente.

[2] Según nos autoriza a hacer la Regla 7(B)(5) de nuestro Reglamento, a los fines de lograr el más justo y eficiente despacho del recurso de epígrafe, prescindimos de la comparecencia de la parte recurrida. *In re. Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025).

-I-

Los hechos del presente caso guardan relación con aquellos consignados en la *Sentencia* emitida el 9 de abril de 2026 en el recurso TA2026AP00268, por lo que a continuación integramos a la presente los más importantes allí detallados.

El señor Santana es un miembro de la población correccional del Departamento de Corrección y Rehabilitación de Puerto Rico. Tanto a nivel primario como apelativo, el señor Santana ha comparecido por derecho propio y como indigente.

La demanda en daños y perjuicios de epígrafe fue instada por él el 20 de octubre de 2025, en contra del Estado Libre Asociado y de su instrumentalidad, el Departamento de Corrección y Rehabilitación; ambos, por conducto de sus respectivos secretarios. En síntesis, el peticionario les reclama los presuntos daños sufridos por habérsele privado en varias fechas de su derecho a una hora del servicio de recreación. Al examinar el expediente electrónico del caso ante el foro primario[3], corroboramos que, aunque el señor Santana presentó su demanda el 20 de octubre de 2025 - junto a su solicitud para litigar como indigente - el SUMAC TPI no la registró sino hasta que el tribunal le eximiera del pago del arancel.

O sea, el 1 de diciembre de 2025, Secretaría notificó al señor Santana que se le eximía del pago del arancel. No obstante, no fue sino hasta el 2 de enero de 2026, notificada el 8 de enero de 2026, que el foro primario formalizó, mediante orden a esos efectos, la exención del pago del arancel y le autorizó a litigar como indigente. Por tanto, la demanda se tuvo por presentada el 8 de enero de 2026.

El 29 de enero de 2026, el señor Santana solicitó una prórroga para emplazar. El 3 de febrero de 2026, el TPI le informó que no concedía la

---

[3] Según disponible mediante el Sistema Unificado de Manejo y Administración de Casos (SUMAC TPI).

prórroga y que tenía que someter los emplazamientos en un término perentorio de 2 días. Transcurrido el término de dos días, el foro primario desestimó la demanda mediante su sentencia del 10 de febrero, notificada el 11 de febrero de 2026. Inconforme con lo decidido, el peticionario acudió ante este Tribunal de Apelaciones mediante el recurso TA2026AP00268. El 9 de abril de este año, en el aludido recurso se dictó *Sentencia* mediante la cual revocó al foro primario. Ello así, pues al conceder solamente dos (2) días para someter el emplazamiento, el TPI no consideró que el señor Santana no cuenta con representación legal y se encuentra confinado, por lo que los trámites de recibo y envío de correspondencia no se ajustan necesariamente a los trámites regulares y comunes. Por tanto, y por opinar que el foro primario debió conceder un término razonable para que se sometieran los emplazamientos, se revocó la decisión apelada y se devolvió el caso al foro primario para su atención conforme lo allí resuelto.

Habiéndose dictado la referida *Sentencia,* el 1 de mayo de 2026, el señor Santana presentó *Moción solicitando se ordene expedir y diligenciar los emplazamientos*. En respuesta a este escrito es que el TPI dictó la orden recurrida y en desacuerdo, el peticionario instó el recurso de epígrafe y le imputó al TPI errar al concluir que es él quien debe presentar los emplazamientos para que el TPI ordene expedirlos y se ordene su diligenciamiento. Esto, pues se encuentra confinado y no tiene acceso ni la facilidad de realizar esta gestión, la cual en última instancia le corresponde al tribunal.

-II-

*A.*

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. *Freire v. Morales Román*, 2024 TSPR 129 215 DPR _____; al mencionar a *Munc. Aguada v. W Cost. Y Recovery*

*Finance*, 214 DPR 432 (2024) y *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción por lo que los asuntos relacionados con esta deben ser atendidos con prioridad *Íd.*, al mencionar a *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024) y *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por ende, las cuestiones relativas a la jurisdicción pueden atenderse por petición de parte o inclusive, considerarse *motu proprio* por el tribunal, como parte de su deber ministerial. *Íd.*

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. *Allied Mgmt. Group v. Oriental Bank, supra* a la pág. 387; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo. *Freire v. Morales Román, supra.*

De otra parte, es harto conocido que un recurso **prematuro**, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial para acogerlo. *MMR Supermarket v. Mun. Aut. de San Lorenzo,* 210 DPR 271 (2022) al citar a *Juliá et al. v. Epifanio Vidal, SE*, 153 DPR 357 (2001).

*B.*

La Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V R. 52.3, establece que una vez se presenta un escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela. El tribunal inferior, podrá proseguir el pleito en cuanto a cualquier cuestión que no esté comprendida en la apelación. Así pues, y con el fin de determinar la jurisdicción referente a los procesos apelativos judiciales, nuestro Tribunal Supremo ha discutido la figura del mandato.

El mandato ha sido definido como el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar en conformidad con la misma. *Colón y Otros v. Frito Lays*, 186 DPR 135, 151 (2012) al mencionar a *Mejías et al v. Carrasquillo et al.*, 185 DPR 288 (2012). Este, trata de un documento emitido por un tribunal apelativo para instruir a un foro adjudicativo de jerarquía inferior sobre la disposición de la causa o los procedimientos ulteriores que ha de seguir. *Rivera Camacho v. Publi-inversiones de Puerto Rico*, 2026 TSPR 54, 217 DPR ____, al citar a 16AA Wright et als., *Federal Practice and Procedure: Jurisdiction and Related Matters* Sec. 3987 (5th ed. 2025).

En lo concerniente, la figura del mandato está delineada en la Regla 84(E) de nuestro Reglamento, la que dispone lo siguiente:

> (E) La Secretaria o el Secretario enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando este haya sido elevado. Esto ocurrirá: (i) una vez transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, o (ii) en cualquier momento anterior a dicha fecha, o a la fecha en que advenga final y firme la decisión, cuando, a iniciativa propia o a solicitud de parte, así lo ordene el Tribunal de Apelaciones por causa justificada.

El mandato cobra relevancia especial en lo concerniente a los efectos de índole jurisdiccional. *Rivera Camacho v. Publi-inversiones de Puerto Rico*,

*supra*. Esto pues, una vez se paralizan los procedimientos ante el foro recurrido, ya sea por orden expresa del tribunal apelativo o por efectos de la presentación del recurso de apelación, el tribunal inferior pierde su jurisdicción para continuar los procedimientos relativos a la controversia recurrida. *Íd.,* y casos allí citados. Siendo ello así, será nula toda actuación del tribunal recurrido para con el asunto paralizado. **Recibido el mandato, el tribunal readquiere jurisdicción para continuar con los procedimientos, conforme a lo que haya dictaminado el tribunal mandante.** *Íd.* (Énfasis suplido)

-III-

Según se desprende del derecho aplicable arriba consignado, una vez se presenta una apelación ante este Tribunal de Apelaciones, los procedimientos ante el TPI quedan paralizados en cuanto a la cuestión planteada en la misma. También puede apreciarse que, hasta tanto el foro apelativo no remita el correspondiente mandato al tribunal inferior, este último no readquiere jurisdicción para continuar con los procedimientos ante su consideración.

En la causa de epígrafe, el señor Santana acudió ante este Tribunal de Apelaciones mediante el recurso de apelación TA2026AP00268. Atendido el mismo, el 9 de abril de 2026 se dictó *Sentencia*. No obstante, mediante una búsqueda en el expediente del caso a través del sistema de SUMAC TPI, hemos podido constatar que a la fecha en que el señor Santana presentó su solicitud para que se expidieran los emplazamientos, así como al momento en que el foro primario dictó la orden recurrida y este acudió ante nos, el tribunal no había recibido el correspondiente mandato. Ello causa que la *Sentencia* dictada por esta curia en el recurso TA2026AP00268 no ha advenido final y firme y, por tanto, el foro primario no ha readquirido

jurisdicción sobre la controversia de los emplazamientos.[4] Por consiguiente, la cuestión planteada por el señor Santana en el recurso de epígrafe es una prematura. Como arriba citamos, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre.[5] Por consiguiente, y toda vez que la falta de jurisdicción no puede ser subsanada, de conformidad con la autoridad que nos brinda la Regla 83 (C) de nuestro Reglamento, *supra,* desestimamos el recurso de epígrafe por falta de jurisdicción.

Antes de culminar, nos parece meritorio señalar que la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo una vez el foro apelado resuelve finalmente lo que estaba ante su consideración.[6] Por lo tanto, una vez el TPI reciba el mandato y emita la correspondiente determinación sobre los emplazamientos, de no estar conforme, el señor Santana podrá acudir ante nos.

-IV-

Por los fundamentos antes esbozados, desestimamos el recurso de epígrafe por falta de jurisdicción al haber sido presentado prematuramente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] De hecho, así mismo lo reconoce el foro primario, pues en la orden recurrida este informa al peticionario que una vez reciba el mandato, actuará en cuanto al asunto. O sea, la orden recurrida no dispone sobre la emisión de los emplazamientos, sino que indica que una vez se reciba el mandato, se dispondrá sobre el asunto.

[5] *MMR Supermarket v. Mun. Aut. de San Lorenzo, supra,* a la pág. 289.

[6] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).